883 So.2d 1201 (2004)
Rick Lamar GRIFFIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00776-COA.
Court of Appeals of Mississippi.
October 5, 2004.
*1202 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. A Newton County jury convicted Rick Lamar Griffin of aggravated assault and possession of a firearm by a convicted felon. He was sentenced to eighteen years in the custody of the Mississippi Department of Corrections for the aggravated assault and to three years for the possession of the firearm, with the sentences running consecutively. He now appeals and asserts that the verdict was against the overwhelming weight of the evidence. Finding no error, we affirm his conviction.

FACTS
¶ 2. On September 21, 2002, during an argument with his live-in girlfriend, Christie Boyd, Rick Griffin pulled out a gun and proceeded to fire a shot at Boyd. Boyd's brother-in-law, Teddy Jackson, knocked Griffin's hand down, and the bullet went into the kitchen floor. Boyd ran out of the house, and Griffin ran behind her. He shot at her two additional times. As Boyd and her sister, Lisa Jackson, got into a car to leave, Griffin approached the car, broke the passenger window with the gun, and began hitting Boyd with the gun. Boyd managed to leave and summon help.
¶ 3. David Boatner, an officer with the Union Police Department who responded to Boyd's cry for help, testified that he recovered a handgun approximately fifteen to twenty feet directly behind Griffin's house. At trial, the gun was identified as the one used by Griffin. Additional facts will be given during our discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 4. Griffin claims that the trial court erred in denying his motion for a directed verdict as to count one, in refusing his proposed peremptory instruction, and in denying his motion for a new trial, as he contends that the verdict was against the overwhelming weight of the evidence. The State, however, counters that the jury's verdict was not against the weight of the evidence but was amply supported by the evidence.
¶ 5. Although Griffin indicates in the caption to his issue that the verdict was against the overwhelming weight of the evidence, the argument which he makes in support of the issue goes primarily to the sufficiency and not the weight of the evidence. We will consider the sufficiency and weight of the evidence as separate matters.
¶ 6. The standard of review for a denial of a directed verdict, peremptory instruction, and a JNOV are identical. Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003) (citing Coleman v. State, 697 So.2d 777, 787 (Miss.1997)). A motion for a JNOV, as well as a motion for a directed verdict and request for a peremptory instruction, challenges the legal sufficiency of the evidence. Hawthorne, 835 So.2d at 21(¶ 31) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). "On the issue of legal sufficiency, reversal can only occur when evidence of one or more of the elements of the charged offense is such that `reasonable and fairminded jurors could only find the accused not guilty.'" Hawthorne, *1203 835 So.2d at 21(¶ 31) (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987).)
¶ 7. We find that ample evidence was offered by the State in support of Griffin's conviction. The State presented three witnesses that testified that Griffin shot the gun at least three times. Further, Boyd's sister and brother-in-law testified that they observed Griffin shoot the gun at Boyd. Both witnesses also properly identified the gun used by Griffin on the day of the incident, and the investigating officer testified that he found a gun behind Griffin's house. The record also reveals that immediately after the incident, Boyd, in a statement to police, implicated Griffin as the culprit. Therefore, accepting the evidence in the light most favorable to the State, the jury was justified in finding Griffin guilty. We will now address Griffin's allegation that the verdict was against the overwhelming weight of the evidence.
¶ 8. "As distinguished from a motion for a directed verdict or a JNOV, a motion for a new trial asks to vacate the judgment on grounds related to the weight, not sufficiency, of the evidence." Smith v. State, 802 So.2d 82, 85-86(¶ 11) (Miss.2001). Our standard of review for claims that a conviction is against the overwhelming weight of the evidence or that the trial court erred in not granting a motion for a new trial has been stated as follows:
[This Court] must "accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." A new trial will not be ordered unless the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an "`unconscionable injustice.'"
Id. (quoting Crawford v. State, 754 So.2d 1211, 1222(¶ 30) (Miss.2000)).
¶ 9. Considering the evidence presented by the State in support of Griffin's conviction, and its substantial weight against Griffin, we are not persuaded that allowing it to stand would sanction an unconscionable injustice. The evidence adduced, along with all logical inferences flowing therefrom, strongly points toward Griffin's guilt. Consequently, we find that the trial court did not abuse its discretion in denying Griffin's motion for a new trial.
¶ 10. Finally, although Griffin points to various conflicts in the witnesses's testimony against him, the law is well settled that "[i]t is the role of the jury to evaluate the veracity of witnesses." Montana v. State, 822 So.2d 954, 965(¶ 51) (Miss.2002) (citing Wetz, 503 So.2d at 812). Further, "[i]t is the jury's province to resolve such conflicts, and the jury is free to accept the testimony of some witnesses and reject that of others, in whole or in part." Montana, 822 So.2d at 966(¶ 51) (citing Evans v. State, 725 So.2d 613, 680-81 (¶ 293) (Miss.1997).)
¶ 11. We find no fault with any of the trial judge's ruling; therefore, we affirm Griffin's conviction and sentence.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF COUNT ONE, AGGRAVATED ASSAULT AND SENTENCE OF EIGHTEEN YEARS AND COUNT TWO, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF THREE YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH COUNTS ONE AND TWO TO RUN CONSECUTIVELY TO EACH OTHER AND TO THE SENTENCE PRESENTLY BEING SERVED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
*1204 KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.